IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAS DEPOT OIL COMPANY, an Illinois corporation, </br></br> Plaintiff, </br></br> v. </br></br> KING DRIVE MARATHON, INC. an Illinois corporation, and TARIQ JUNEJO AND AFSHAN JUNEJO, 79th & KING FUEL MART, INC., and MOHAMED ALI, </br></br> Defendants. | No. 2022 cv 01343 </br></br> Honorable Edmond E. Chang </br> Magistrate Heather K. McShain |

**FIRST AMENDED COMPLAINT**

Now comes the Plaintiff, GAS DEPOT OIL COMPANY, (hereinafter "Plaintiff"), by and through its attorneys, Sullivan Hincks & Conway, and for its Verified Complaint against the defendants, Tariq Junejo and Afshan Junejo, King Drive Marathon, Inc., 79th & King Fuel Mart, Inc. and Mohamed Ali (collectively "Defendants"), state as follows:

**PARTIES**

1. The Plaintiff GAS DEPOT OIL COMPANY ("GAS DEPOT") is an Illinois corporation doing business in the State of Illinois, at all times relevant to this complaint.

2. The defendant Tariq Junejo and Afshan Junejo ("Junejo") is an individual residing in the State of Illinois, County of Cook, at all times relevant to this complaint.

3. The defendant King Drive Marathon, Inc. ("King Drive Marathon") is an Illinois corporation doing business in the State of Illinois, County of Cook, at all times relevant to this complaint. Defendant Junejo owns and controls King Drive Marathon.

4. The defendant 79th & King Fuel Mart, Inc. ("Hujaji Corp") is an Illinois corporation doing business in the State of Illinois, County of Cook, at all times relevant to this complaint. Defendant Mohamed Ali ("Ali") on information and belief is one of the operators and owners.

5. The causes of action in this lawsuit seek to enforce a gasoline supply contract the Defendants signed with the Plaintiff for the supply of fuel at the Defendants' gas station located at 7850 S Martin Luther King Drive, Chicago, Illinois (the "Gas Station").

6. On information and belief, the Hujaji Corp and Ali are the successors in interest to King Drive Marathon.

## VENUE AND JURISDICTION

7. Venue is appropriate in this Court as the agreement between the parties relates to property located in Chicago, Cook County, Illinois. Personal jurisdiction in the Circuit Court of Cook County, Illinois is appropriate as the defendants do business in Cook County and the Gas Station that is the subject of this Complaint is located in Cook County, Illinois.

## COMMON FACTS

8. On or about January 1, 2015 the parties executed a Motor Fuel Sales Petroleum Supply Agreement (the "Agreement") that is attached hereto and incorporated herein by reference and marked as Exhibit 1.

9. On or about December 7, 2016 the Plaintiff and the Defendants entered into that certain Amendment to the Agreement extending the initial term of the Agreement to December 31, 2024 in exchange for the Plaintiff loaning the Defendants $50,000 pursuant to the terms of the Promissory Note dated December 7, 2016 (the "Note"). A copy of the Amendment and the Note are attached hereto as Exhibit 2.

10. Pursuant to the Agreement, the Defendants, also referred to as the "Dealer" in the

Agreement, among other things, agreed to purchase exclusively from Gas Depot all of the requirements of petroleum products to be sold at the Gas Station for an initial term ending December 31, 2024. The Agreement provides in pertinent part at paragraph 1 as follows:

> (a) Dealer covenants and agrees that throughout the term of this Agreement, Dealer shall purchase all Petroleum Products to be sold from the Premises in connection with the Retail Petroleum Business exclusively from Gas Depot Oil Company…
>
> (c) Dealer shall use good faith and best efforts to maximize the sale of Petroleum Products at the Premises. (See Exhibit 1, ¶ 1).

11. Pursuant to the Agreement, the Defendants agreed to continue to brand the Location with the Marathon brand and sell Marathon branded gasoline at the Location. Defendants further agreed to promptly pay for all gasoline products delivered by Gas Depot and accepted by the Defendants.

12. As part of the incentive to enter into the Agreement, Gas Depot advanced payment of the imaging to the Defendants as well as loaned the $50,000 to the Defendants on an interest free basis.

13. Pursuant to the Agreement, and as a material inducement for Gas Depot to enter into the Agreement, the Defendants granted Gas Depot a right of first refusal upon any proposed sale or transfer of any interest in the Location by the Defendants, which gave Gas Depot the first right to purchase the interest in the Location on the same terms and conditions as any proposed transfer or sale by the Defendants. (See Exhibit 1, ¶ 18).

14. Pursuant to the Agreement, and as a material inducement for Gas Depot to enter into the Agreement, the Defendants also agreed that any transferee of the Location must assume the Agreement and continue to purchase all of its fuel from Gas Depot for resale at the Location (See Exhibit 1, ¶ 16).

15. Gas Depot recorded a memorandum of the Agreement with the Cook County Recorder of Deeds and has provided actual notice of the Gas Depot Agreement with the Defendants to everyone. See Exhibit 3.

16. Sometime in 2021, defendant Tariq Junejo advised Gas Depot that King Drive Marathon had an additional partner and introduced Defendant Ali.

17. Defendant Tariq Junejo advised Gas Depot that Ali would be assuming many of the operational duties for the Gas Station.

18. From and after the time that Ali assumed the role as the operator for King Drive Marathon, Gas Depot continued to use the same account information for King Drive Marathon, continued to invoice the fuel purchases to King Drive Marathon, continued to draft King Drive Marathon's bank account for the fuel invoices, and in all respects continued to do business with King Drive Marathon under the terms and conditions of the Fuel Supply Agreement.

19. Ali continued to operate the business as King Drive Marathon and never indicated to Gas Depot that the Hujaji Corp had purchased anything from King Drive Marathon.

20. Neither Ali nor the Junejo Defendants ever disclosed to Gas Depot that ther had been any purchase of the King Drive Marathon business.

21. Gas Depot would have expected to receive a notice of the sale under the Right of First Refusal provisions of the Fuel Supply Agreement. Gas Depot never received any notice of a sale or of a purchase.

22. At a minimum, after Defendant Junejo introduced Ali as a new partner of King Drive Marathon, the Hujaji Corp and Ali were successors in interest to King Drive marathon and accepted all of the rights and benefits of the Fuel Supply Agreement and the branding benefits attendant to the Marathon brand. The Hujaji Corp and Ali knew of the Fuel Supply Agreement and operated

4

pursuant to the Fuel Supply Agreement with Gas Depot.

23. In early March of 2021 Gas Depot discovered that the credit card processing system that Gas Depot had installed at the Gas Station pursuant to the Fuel Supply Agreement had been disconnected through the concert and participation of the Hujaji Corp and Ali on the one hand and the Junejo Defendants and King Drive Marathon on the other hand.

24. Gas Depot recently learned that another fuel supplier made contact with the Defendants and has interfered with the Agreement that Plaintiff has with the Defendants causing the Defendants to breach the Agreement by ceasing to buy fuel from the Plaintiff and commencing to buy fuel from the new distributor.

25. The other fuel supplier knew that the Defendants were under contract with Gas Depot due to the filing of the Memorandum with the Recorder of Deeds and by the display of the Marathon brand which puts a distributor on notice that another fuel distributor is involved.

26. The Defendants have commenced purchasing fuel from the other fuel supplier in breach of the Agreement.

27. The other fuel supplier is a direct competitor of Gas Depot.

28. By advising Gas Depot that they will no longer purchase fuel from Gas Depot but will continue purchasing fuel from the other fuel supplier, by ceasing purchases of fuel from the Plaintiff and by ceasing to process fuel payments through Gas Depot's credit card system ad required by the Agreement, the Defendants are in breach of the Agreement.

29. If the Defendants are allowed to de-brand the Location from the Marathon brand, this will cause irreparable harm to Gas Depot's relationship with Marathon; its standing in the marketplace; and its competitive position *vis-à-vis* the new fuel supplier and will also cause Gas Depot to incur money damages from Marathon as well as from the loss of sale at the Gas Station.

30. Gas Depot has advised the Defendants of their obligations under the Agreement and that the de-branding of the Location from the Marathon brand and purchasing fuel from The other fuel supplier would constitute a breach of the Agreement.

31. This breach and default by the Defendants, and the wrongful interference with contract by the other fuel supplier, has caused, and will continue to cause Gas Depot substantial damage. The Defendants' actions further constitute the prevention of valid, legal obligations under the Agreement being fulfilled.

32. Gas Depot has fully performed all of its obligations under the Agreement and/or is ready, willing, and able to continue to perform and sell and deliver petroleum products to the Location and to brand the Location with the Marathon brand.

33. Gas Depot has repeatedly requested and demanded, both orally and in writing that Defendants perform under the Agreement.

34. The Defendants have refused and continue to refuse to perform pursuant to the Agreement and have refused to continue to purchase petroleum products from Gas Depot for resale at the Location and have refused to continue to brand the Location as Marathon in breach of the Agreement.

35. Without cause, the Defendants have unilaterally breached the Agreement by refusing to continue to purchase its petroleum products from Gas Depot for the Location.

36. As a result of the Defendants' breach, Gas Depot has been damaged, and will continue to be damaged, in an amount in excess of fifty thousand dollars ($50,000.00) in lost profits, de-branding charges from Marathon, loss of rebates, and loss of goodwill, plus interest, attorneys' fees, and costs.

## COUNT I
## Lanham Act Violation
## (Against Dealer Defendants)

37. Gas Depot re-alleges and incorporates paragraphs 1 through 36 above as and for this paragraph of Count I, as if fully set forth herein.

38. Section 43(a) of the Lanham Act proscribes false statements or representations that are made in commercial advertising or promotion are likely to deceive consumers and are likely to cause injury to Gas Depot. 15 USC § 1125.

39. The Lanham Act establishes a statutory cause of action for, among other things, false advertising and provides in pertinent part as follows:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which…
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 USC § 1125(a).

40. Gas Depot is a licensed distributor of petroleum products and services that sells branded and unbranded petroleum products and services to dealers such as the Dealer Defendants who then in turn resell the petroleum products and services to the public.

41. At all times relevant to the matter alleged, Gas Depot has licensed to the Dealer Defendants the limited right to display the Marathon® brand at the Gas Station. Attached as Exhibit 4 is a copy of the Trademark Use Agreement entered into with Gas Depot by the Defendants.

7

42. By the aforesaid wrongful conduct, the Dealer Defendants have falsely represented to the general public and consumers the origin, nature, characteristics, qualities of the petroleum products and services sold at the Gas Station as authorized Marathon® petroleum products and services when, in fact, the petroleum products and services offered for sale are not authorized by Gas Depot or Marathon.

43. The Marathon trademark includes not only the word Marathon, but also the color scheme and likeness of the layout of the branded gas stations. Attached hereto as Exhibit 5 is a rendering of the Marathon mark and how it is portrayed as a gas station. The color scheme is an important part of the mark.

44. As a result of the aforesaid wrongful conduct of the Dealer Defendants, the general public and consumers will be deceived into believing they are purchasing Marathon® petroleum products and services when, in fact, the general public and consumers have been purchasing unbranded petroleum products and services not authorized by the Gas Depot limited use license.

45. The actions and conduct of the Defendants constitute making false statements or representations that are made in commercial advertising or promotion which are likely to deceive consumers and which will in turn cause injury to Gas Depot.

46. The Defendants continued to display the Marathon brand after stopping their purchases of Marathon branded fuel from Gas Depot.

47. The aforesaid wrongful acts and conduct of the Dealer Defendants will actually deceive or will have a tendency to deceive a substantial segment of the public and customers that purchase fuel at the Gas Station, thereby causing harm to Gas Depot.

47. Unless enjoined by this Court, the Dealer Defendants will cause false statements and representations as to the origin, nature, characteristics, qualities of the petroleum products and services sold at the Station to enter interstate commerce.

48. On March 18, 2022 this Court entered a Temporary Restraining Order ("TRO") which all Defendants had direct notice of through their respective attorneys. A copy of the March 18, 2022 TRO is attached hereto as Exhibit 5.

49. Soon after the Court hearing on the TRO the Defendants sought to further deceive the public and this Court by covering some but not all of the Marathon mark at the station. Attached hereto as Exhibit 6 are photos of the station taken on March 18, 2022 still displaying the Marathon color scheme and mark such that the mark is continuing to be "displayed in any way at the Location."

50. Gas Depot will suffer irreparable injury and harm that cannot be compensated by monetary relief as a direct and proximate result of the wrongful actions and conduct of the Dealer Defendants unless enjoined by this Court because:

    (a) Gas Depot, as an authorized distributor and licensor of the Marathon® brand, uses its licensing rights of the Marathon® marks to differentiate its petroleum products and services from other competitors, and the sale of unbranded petroleum products and services under the Marathon® marks injured the Marathon® brand and robs Gas Depot of that differentiating and distinguishing marketing tool;

    (b) In derogation of the Agreement, Gas Depot has been prevented from selling branded petroleum products and services for resale at the Gas Station resulting in lost sales and profit.

51. The Dealer Defendant know, or should know, that the continued use of the Marathon brand without the authorization of Marathon or Gas Depot at the Gas Station is wrongful and violative of the law.

52. Notwithstanding their respective knowledge of the wrongfulness of using and displaying the Marathon® mark without authority or license to do so, the Dealer Defendants are persisting in their violation of the Lanham Act.

53. As a result of their actions and conduct, the Dealer Defendants are liable and responsible for the injury, harm and damage to Gas Depot.

54. Gas Depot is entitled to an injunction to prevent the Lanham Act violations and is further entitled to recover from the Dealer Defendants its lost profits, any damages that Gas Depot has sustained and/or will sustain, as a result of the wrongful acts and conduct of the Dealer Defendants, as well as its reasonable attorney's fees and costs.

55. Upon information and belief, the wrongful acts and conduct described above are oppressive, willful, fraudulent and malicious and upon motion and a showing of proof, Gas Depot will seek punitive damages.

WHEREFORE, the Plaintiff, Gas Depot Oil Company respectfully requests that this Honorable Court enter an Order of a temporary restraining order and mandatory and preliminary injunction requiring the Defendants to purchase their requirements of petroleum products for resale to the public at the Gas Station from Gas Depot; that Defendants shall not de-brand the Location; that the Defendants are required to continue to brand the Location with the Marathon brand pursuant to the Agreement; to bar The other fuel supplier from continued interference with Gas Depot's contractual relationship; for its costs in this action, and for such other relief as this Honorable Court deems just.

## COUNT II
## INJUNCTIVE RELIEF
### (Against All Defendants)

56. Gas Depot restates and repleads paragraphs 1 through 55 above for this paragraph of Count I and fully incorporates said allegations into this Count by reference.

57. Gas Depot's business is being threatened through the Defendants' refusals to purchase petroleum products from Gas Depot for resale at the Gas Station and the Defendants' refusal to continue to brand the Location as Marathon.

58. Gas Depot will suffer irreparable harm if the Court does not grant the relief requested herein since it will lose the business at the Location, will suffer damage to its goodwill associated with selling fuel to the location, will lose a valuable real estate purchase right in the loss of the right of first refusal, and will suffer Marathon brand recognition.

59. Gas Depot will lose valuable goodwill and customers, and suffer other irreparable harm, including, but limited to damage to and incalculable devaluation of the right of first refusal granted to Gas Depot in the Agreement and customer confusion who will see a different brand.

60. The Defendants know that they are obligated to purchase all of the requirements of petroleum products from Gas Depot for the term of the Agreement since they freely and voluntarily signed the Agreement.

61. Gas Depot has no adequate remedy at law.

62. As a result of the Defendants' continued refusal to abide by the terms of the Agreement, Gas Depot will lose a requirements arrangement at a valuable location, lose goodwill, lose the value of the right of first refusal and brand recognition.

63. Gas Depot is likely to succeed on the merits of its claims.

64. The harm to Gas Depot outweighs any harm the Defendants would suffer by requiring

11

them to purchase their requirements of petroleum products for the Location from Gas Depot as the Defendants agreed to do pursuant to the terms of the Agreement.

65. The Defendants agree, pursuant to paragraph 24 of the Agreement, that Gas Depot shall recover its attorneys' fees and costs in the event Gas Depot is forced to file a lawsuit to protect its rights under the Agreement.

WHEREFORE, the Plaintiff, Gas Depot Oil Company respectfully requests that this Honorable Court enter an Order of a temporary restraining order and mandatory and preliminary injunction requiring the Defendants to purchase their requirements of petroleum products for resale to the public at the Gas Station from Gas Depot; that Defendants shall not de-brand the Location; that the Defendants are required to continue to brand the Location with the Marathon brand pursuant to the Agreement; to bar The other fuel supplier from continued interference with Gas Depot's contractual relationship; for its costs in this action, and for such other relief as this Honorable Court deems just.

## COUNT III
## DECLARATORY JUDGMENT
## (Against the Defendants)

66. Gas Depot restates and repleads paragraphs 1 through 65 above for this paragraph of Count II and fully incorporates said allegations into this Count by reference.

67. Gas Depot maintains that the Defendants are obligated to purchase all of their requirements of petroleum products for resale at the Location from Gas Depot pursuant to the Agreement.

68. The Defendants deny that they are obligated to purchase any petroleum products from Gas Depot for resale at the Location.

69. In Illinois there is a declaratory judgment statute that provides as follows:

§ 735 ILCS 5/2-701. Declaratory judgments

Sec. 2-701. Declaratory judgments. (a) No action or proceeding is open to objection on the ground that a merely declaratory judgment or order is sought thereby. The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction of any statute, municipal ordinance, or other governmental regulation, or of any deed, will, contract or other written instrument, and a declaration of the rights of the parties interested. The foregoing enumeration does not exclude other cases of actual controversy. The court shall refuse to enter a declaratory judgment or order, if it appears that the judgment or order, would not terminate the controversy or some part thereof, giving rise to the proceeding. In no event shall the court entertain any action or proceeding for a declaratory judgment or order involving any political question where the defendant is a State officer whose election is provided for by the Constitution; however, nothing herein shall prevent the court from entertaining any such action or proceeding for a declaratory judgment or order if such question also involves a constitutional convention or the construction of a statute involving a constitutional convention.

(b) Declarations of rights, as herein provided for, may be obtained by means of a pleading seeking that relief alone, or as incident to or part of a complaint, counterclaim or other pleading seeking other relief as well, and if a declaration of rights is the only relief asked, the case may be set for early hearing as in the case of a motion.

(c) If further relief based upon a declaration of right becomes necessary or proper after the declaration has been made, application may be made by petition to any court having jurisdiction for an order directed to any party or parties whose rights have been determined by the declaration to show cause why the further relief should not be granted forthwith, upon reasonable notice prescribed by the court in its order.

(d) If a proceeding under this Section involves the determination of issues of fact triable by a jury, they shall be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending.

(e) Unless the parties agree by stipulation as to the allowance thereof, costs in proceedings authorized by this Section shall be allowed in accordance with rules. In the absence of rules the practice in other civil actions shall be followed if applicable, and if not applicable, the costs may be taxed as to the court seems just.

70.   Gas Depot has a legal, tangible interest in the supply of fuel to the Defendants, the branding of the Location, and the right of first refusal to purchase the Location.

71.   An actual controversy exists between the parties.

72. Gas Depot seeks a declaratory judgment from this Court providing a declaration of the parties' rights under the Agreement. "The declaratory judgment process exists so that the court may address a controversy after a dispute has arisen but before steps are taken that would give rise to a claim for damages or other relief." Adkins Energy, LLC v. Delta-T Corp., 347 Ill. App. 3d 373, 376 (2d Dist. 2004).

73. "Providing the parties with certainty as to their rights under a contract is one of the purposes for declaratory judgment actions." Roland Mach. Co. v. Reed, 339 Ill. App. 3d 1093, 1102 (4th Dist. 2003).

WHEREFORE, the Plaintiff, Gas Depot Oil Company respectfully requests that this Honorable Court enter an Order declaring that Defendants, jointly and severally, are obligated to purchase all requirements of petroleum products for resale to the public at the Gas Station from Gas Depot and that Defendants may not de-brand the Location from the Marathon brand, and that the Defendants are required to continue to brand the Location with the Marathon brand pursuant to the Agreement, and otherwise declare the rights of the parties pursuant to the Agreement, and award Gas Depot its costs in this action, and for such other relief as this Honorable Court deems just.

## COUNT IV
## BREACH OF CONTRACT

74. The Plaintiffs re-allege and re-plead paragraphs 1 through 73 above as though fully set forth herein as and for the allegations of this paragraph.

75. The Defendants have breached the Agreement by refusing to purchase fuel from Gas Depot.

76. The Defendants refusal to purchase fuel sold at the Gas Station through Gas Depot constitutes a breach of the Agreement.

77. The Plaintiffs have been damaged by the Defendants breach of the Agreement.

78. The Plaintiffs have made demands upon the Defendants to purchase all fuel sold at the Gas Station through Gas Depot, but the Defendants continue to refuse to purchase any fuel through Gas Depot.

WHEREFORE, the Plaintiff, GAS DEPOT OIL COMPANY respectfully request that this Honorable Court enter judgment in its favor and against the Defendants, Tariq Junejo and Afshan Junejo and King Drive Marathon, Inc. and 79th & KING FUEL MART, INC., and MOHAMED ALI, jointly and severally, in an amount in excess of the jurisdictional limits of this Court said to be in excess of $50,000.00, said amounts to be proven at trial, plus such other relief as this Honorable Court deems appropriate.

>                    Respectfully submitted,
>                    GAS DEPOT OIL COMPANY
>
> By:                /s/ [signature]
>                    One of its Attorneys

John J. Conway
Sullivan Hincks & Conway
120 West 22nd Street, Suite 100
Oak Brook, Illinois 60523
(630) 573-5021
Attorney No. 24689
johnconway@shlawfirm.com

## VERIFICATION AFFIDAVIT

State of Illinois )
) ss
County of Cook )

I, George Nediyakalayil, after being duly sworn on oath depose and state that:

1. That I am the president of the Plaintiff in the above captioned case and am authorized to submit this affidavit and that I have read the foregoing Complaint.

2. That, if called as a witness in the above-captioned cause, I could testify competently to the facts stated in the foregoing Complaint. The facts set forth in the complaint are incorporated and referenced as part of this affidavit.

3. Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, I certify that the statements set forth in the foregoing Complaint are true and correct, except as to matters therein stated to be on information and belief and as to such matters I certify as aforesaid that I verily believe the same to be true.

FURTHER, AFFIANT SAYETH NOT.

*[signature]*